■ In the Matter of the Claim of JOSEPH SIENKIEWICZ (SAY), Respondent, v. BUFFALO LITE VENT CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— TAYLOR, J. Appeal by an employer and its insurance carrier from a decision and award of the Workmen's Compensation Board. For 90% of his workday claimant, also president of the employer corporation, was an outside salesman engaged in selling awnings, material used for the sheathing of the surface of outside walls of buildings and other products of like nature. In addition his work pattern included calls at the homes of customers during evening hours and the rendition of assistance to new salesmen in the performance of their duties. In the late evening of July 22, 1963 one of the salesmen telephoned claimant's home during his absence and informed his wife that it was urgent that he discuss with her husband the details of a "deal" contemplated to take place early on the following morning and suggested that claimant meet him at a place which he designated. When claimant arrived at his home shortly after midnight the message was communicated to him and immediately thereafter he departed in an automobile maintained by the corporate employer to keep the appointment. He had proceeded but a short distance when the vehicle left the public highway and struck a tree causing claimant to suffer severe injuries. Claimant testified that except for minor incidents he had no recollection of the accident or of the events which transpired on the evening before its occurrence. Upon the above-noted facts which are undisputed the board found that the accident arose out of and in the course of employment. Appellants challenge this finding upon the ground that the proof cited in its support by the board is incredible and argue that the amnesic barrier was feigned, that claimant had been drinking excessively and that the time, place and manner of the happening of the accident negated the factual conclusion that claimant, when injured, was in the course of employment. The factors urged and the inferences which appellants draw from them bear on the question of credibility and at most created only a question of fact which, of course, was within the sole competence of the board to

resolve. Since its determination has substantial support in the record we are without power to disturb it. (Workmen's Compensation Law, § 20; *Matter of Dalton* v. *Journeymen, Plumbers & Apprentice Steamfitters of United States & Canada*, 22 A D 2d 745.) Nor do we find any basis which would justify our interference with the board's finding that the presumption contained in subdivision 4 of section 21 of the Workmen's Compensation Law had not been overcome. (*Matter of Post* v. *Tennessee Prods. & Chem. Corp.*, 19 A D 2d 484, affd. 14 N Y 2d 796 and cases cited therein.) Although the filing of a claim for disability benefits by claimant was relevant to the issue as to whether or not his claim for compensation benefits was an afterthought, his action in the posture of this case did not effect an estoppel or, as a matter of law, preclude an award for workmen's compensation benefits. (*Matter of San Filippo* v. *San Filippo*, 17 A D 2d 1019, mot. for lv. to app. den. 12 N Y 2d 645.) Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds and Aulisi, JJ., concur.